UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITZI PASCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00782-MTS |
| ONDOC, LLC. et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss, Docs. [34] and [36], under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the following reasons, the Court denies both Motions.

**I.   BACKGROUND**[1]

Plaintiff Mitzi Pasch, a Missouri citizen, filed suit against two out-of-state defendants, Robert Wilson and OnDoc, LLC ("Defendants"), alleging claims under state and federal securities laws as well as related common law claims for fraud and negligent representation. Doc. [26]. Defendant Wilson is a citizen of the State of Pennsylvania and Defendant OnDoc, LLC is a Pennsylvania limited liability company. *Id.* ¶¶ 2-3. Beginning in the late Summer or Fall of 2018, Defendant Wilson solicited Plaintiff's investment in OnDoc. *Id.* ¶ 8. Defendant represented that OnDoc was a corporation and offered Plaintiff the "opportunity" to acquire common stock. *Id.* ¶ 7. This first communication was by telephone to Plaintiff in Missouri, followed up with several calls or text messages to Plaintiff in St. Louis, Missouri, made in an effort to schedule a more

---

[1] The Court draws this background from Plaintiff's First Amended Complaint, Doc. [26], the Motions to Dismiss, and related papers construing the facts, as it must on a motion to dismiss for lack of personal jurisdiction, in the light most favorable to Plaintiff Pasch. *See Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

1

formal discussion. Doc. [46] at 2. Defendant sent Plaintiff an email invitation to participate in a November 2, 2018 webinar, which Plaintiff did from her St. Louis, Missouri home. *Id.* On November 4, 2018, Defendant emailed to Plaintiff in St. Louis a Private Placement Memorandum. Doc. [26] ¶ 8.  That same day, Defendant emailed Plaintiff in St. Louis a 48-page document called "OnDoc Financial Outlook 11.4.2018" that included extremely favorable financial projections relating to OnDoc and a comprehensive, 40 slide video Power Point presentation describing and endorsing all aspects of OnDoc's operations, which Plaintiff received and reviewed in St. Louis. Doc. [46] at 3.  On November 15, 2018, Defendant emailed to Plaintiff in St. Louis a Unit Purchase Agreement to purchase an interest in OnDoc, LLC. Doc. [26] ¶ 10.  On November 18, 2018, Defendant provided Plaintiff with a *second* Confidential Private Placement Memorandum. *Id.* ¶ 8. On November 23, 2018, Plaintiff made her first payment toward her purchase of what she thought was OnDoc common stock. *Id.* ¶ 11.  Plaintiff maintains Defendants' representations were "material" to her decision to invest a total of $200,400. *Id.*  Plaintiff alleges that all the foregoing representations and communications by Defendants were false and known to be false when made and specifically designed to induce Plaintiff to purchase "stock" in OnDoc. *Id.* ¶ 9.

Plaintiff brought this action against Defendant OnDoc and Defendant Wilson based on Missouri Securities Act, Mo.Rev.Stat. § 409.5-509(b) (Count I), Securities and Exchange Act of 1934, 15 U.S.C. § 78j and 17 C.F.R 240.10b-5 (Count II), common law fraud (Count III), and negligent misrepresentation (Count IV).  Defendants each filed a Motion to Dismiss for lack of personal jurisdiction. Doc. [34], [36].  Specifically, Defendants maintain their contacts with Missouri were not sufficient to establish that they purposefully availed themselves of its benefits and protections. *Id*.

## II. LEGAL STANDARD

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (omission in original) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)).  Once personal jurisdiction has been challenged, that prima facie showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Furminator, Inc. v. Wahba*, No. 4:10-cv-01941-AGF, 2011 WL 3847390, at *2 (E.D. Mo. Aug. 29, 2011) (quoting *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008)).  The Court views the evidence in the light most favorable to Plaintiff.  *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).  The party seeking to establish the Court's personal jurisdiction carries the burden of proof, however, and that burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

The Court engages in a two-part inquiry to assess whether it has personal jurisdiction over non-resident defendants. *NEXTEP, LLC v. KABA Workforce Sols.*, No. 4:07-cv-01107-RWS, 2007 WL 9809030, at *2 (E.D. Mo. Oct. 5, 2007).  To exercise jurisdiction, the Court must find that: (1) Defendants' actions are covered by the Missouri long-arm statute, and (2) its exercise of jurisdiction comports with due process requirements. *See Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909–910 (8th Cir. 2012) (holding that federal district courts in Missouri must conduct separately the long-arm-statute and due-process inquiries); *Insituform Techs., Inc. v. Reynolds, Inc.*, 398 F. Supp. 2d 1058, 1062–63 (E.D. Mo. 2005).  Defendants' mention, but do not challenge, Missouri's long-arm statute; Defendants only argue due process.  For the reasons discussed below,

3

the Court finds that its exercise of jurisdiction over the Defendants comport with due process requirements.

**III.   DISCUSSION**

Under the Fourteenth Amendment's Due Process Clause, to establish personal jurisdiction "a plaintiff must only show sufficient 'minimum contacts' exist [between the defendant and forum] so that 'traditional notions of fair play and substantial justice' are not offended." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This standard seeks to ensure that the defendant has "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Supreme Court has recognized two forms of personal jurisdiction: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017). Plaintiff does not argue that the Court has general jurisdiction over any of the Defendants, so the Court will focus on the inquiry of whether it has specific jurisdiction over the Defendants. *See Casino Queen*, 689 F.3d at 912 ("[Plaintiff] only contends the district court can exercise specific jurisdiction over [defendant] in this action, so we have no need to consider whether Missouri courts have general jurisdiction over [defendant].").

"Specific jurisdiction exists 'when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum,' and the plaintiff's claim 'aris[es] out of or relat[es] to the defendant's contacts with the forum.'" *White v. Steak N Shake Inc.*, No. 4:20-cv-323-CDP, 2020 WL 1703938, at *2 (E.D. Mo. Apr. 8, 2020) (quoting *Pangaea v. Flying Burrito, LLC*, 647 F.3d 741, 746 (8th Cir. 2011)). Random, fortuitous, or attenuated contacts are insufficient to confer jurisdiction. *Burger King Corp.*, 471 U.S. at 475 (1985). The Eighth Circuit references five factors in assessing whether a defendant's contacts with

4

a forum are sufficient to confer specific jurisdiction: (1) the nature and quality of the contacts, (2) the quantity of the contacts, (3) the relationship of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience to the parties. *Frost*, 951 F.3d at 980. The first three factors carry more weight than the last two. *Insituform Techs.*, 398 F. Supp. 2d at 1066 (citing *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003)). Furthermore, "[i]n cases involving allegations of fraud, courts apply the *Calder* 'effects test' to determine if jurisdiction is consistent with due process." *Warren*, 2011 WL 6010758, at *8 (citing *Calder v. Jones,* 465 U.S. 783, 789–90 (1984)(finding personal jurisdiction was established where the non-resident defendant committed a tort and the associated harm was felt primarily within the forum state); *Oriental Trading Co., Inc. v. Firetti*, 236 F.3d 938, 943 (8th Cir. 2001). In the Eighth Circuit, however, the *Calder* test is used merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state; "[i]n other words, courts construe the effects test narrowly and hold that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Trident Steel Corp. v. Reitz*, 4:11-cv-1040 2012 WL 1279937, at *6 (E.D.Mo. Apr. 16, 2012) (internal quotation marks and citation omitted).

    A. **Missouri Long Arm-Statute**

Missouri's long-arm statute provides in relevant part as follows:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
> ...
> (3) The commission of a tortious act within this state[.]
> ...

Mo. Rev. Stat. § 506.500. The Missouri Supreme Court has interpreted the long-arm statute to

cover, "extraterritorial tortious acts that yield consequences in Missouri." *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. 2010).

In her Complaint, Plaintiff alleges Defendants Wilson and OnDoc committed the intentional torts of fraud and misrepresentation by making untrue statements of material fact and omitting material facts necessary under the circumstances to influence and affect Plaintiff's decision to invest in an ongoing business enterprise. Doc. [26] ¶¶ 16-40.  Under Missouri's long-arm statute, the commission of a tortious act within Missouri brings a Defendant within the jurisdiction of Missouri courts, and as noted above, "[e]xtraterritorial acts that produce consequences in the state, such as fraud, are within the reach of the tortious act section of the Missouri long arm statute." *Bryant*, 310 S.W.3d at 232.  The record shows the Defendants' repeated and systematic communications to Plaintiff in Missouri—telephonic, email, and virtual—led a Missouri resident to invest more than $200,000 in OnDoc common stock.  The Court concludes Defendants' alleged acts fall within conduct specified in Missouri's long-arm statute. *Bryant*, 310 S.W.3d at 232 ("One who attempts to defraud a Missouri resident through mailing fraudulent and misleading documents to him or her in Missouri thereby becomes subject to personal jurisdiction in Missouri for claims arising out of that conduct").

**B. Due Process**

Even though the long-arm statute is satisfied, Plaintiff must also show that Defendants have sufficient minimum contacts with Missouri such that the exercise of jurisdiction comports with due process principles. *Whaley*, 946 F.3d at 451.  In support of their Motions, Defendants note they have never transacted business in Missouri, maintain no employees or offices in Missouri, and are not registered to do business in Missouri. Doc. [35] at 5;[37] at 4.  Defendant Wilson further contends his contacts with Missouri consist "solely" of participating in several phone calls

6

and video communications (while Plaintiff was in Missouri and Defendant was in Pennsylvania), sending documents via email, and a "single visit" to Missouri to meet with Plaintiff. *Id.* at 4-5. Based on these assertions, Defendant maintains he does not have minimum contacts with Missouri sufficient to justify the exercise of personal jurisdiction.

Upon consideration, the Court disagrees for several reasons. It is a longstanding principal that the lack of physical presence in a state cannot alone defeat jurisdiction. *Oriental Trading Co.*, 236 F.3d at 943. The Eighth Circuit has made clear that by "purposely directing" fraudulent communications at residents in a forum, "defendants should have realized that the brunt of the harm would be felt here…and they should have reasonably anticipated being hauled into court there." *Id*. Here, Defendants are not being charged with mere untargeted fraud. Rather, Defendants *specifically* sought out Plaintiff and solicited her investment through a series of telephonic, electronic, and virtual communications – all made to Plaintiff in Missouri. Defendants are alleged to have committed tortious acts in Missouri by intentionally and voluntarily sending several fraudulent documents into Missouri in an attempt to defraud a Missouri citizen. Thus, nothing about Defendants' communications were "random, fortuitous, or attenuated." *Burger King Corp.*, 471 U.S. at 475. Although it is unclear from the record how many communications Defendants made to Plaintiff in Missouri, they are certainly alleged to be numerous. More importantly, though, there is a direct relationship between Defendants' contacts and the causes of action against them. Defendants sent some five or so documents to Plaintiff in Missouri, all of which are alleged to contain misrepresentations or fraudulent omissions about stock, commissions, capital, corporate structure, and costs that form the basis of Plaintiff's claims. As Plaintiff points out, Defendants' communications "are not just related to [Plaintiff's] claim, they form the basis for it." Doc. [46] at 10. The Court agrees. Every count in Plaintiff's Complaint is rooted in

7

allegations that the documents and communications Defendants directed to Plaintiff in Missouri were misleading and sent to defraud Plaintiff, and did in fact induce Plaintiff to invest in OnDoc.

Nevertheless, Defendants argue that this Court should disregard all its contacts with Missouri because Defendants' communications with Plaintiff are contacts with Plaintiff, not with the State of Missouri. Doc. [35] at 6; Doc [37] at 5. Defendants' interpretation is misplaced. "Unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). But when defendants unilaterally send documents where the "actual content of communications with a forum gives rise to intentional tort causes of action," purposeful availment exists. *Bryant*, 310 S.W.3d at 235. Numerous state and federal courts have found in similar cases that the sending of fraudulent documents into a state constitutes a purposeful availment of the privilege of conducting activities within the forum state, and provides the minimum contacts necessary to support personal jurisdiction in that state when the claim arises out of those contacts. *See Firetti*, 236 F.3d at 943 (holding that basing personal jurisdiction on the fact that the defendant made telephone calls and sent faxes into the forum state did not offend traditional notions of fair play and substantial justice); *Bryant*, 310 S.W.3d at 236 (holding the exercise of personal jurisdiction over an out-of-state defendant who sends misleading documents into the state to defraud a Missouri resident is fair). Here, Defendants engaged in e-mail, text message, video conference, and telephone exchanges with Plaintiff in Missouri and sent documents to Plaintiff in Missouri, in an effort to further the fraud and obtain payment. Defendants made oral misrepresentations, written misrepresentations, and delivered the critical documents necessary to complete her investment—all to Plaintiff in Missouri. As the Missouri Supreme Court noted "were the law otherwise [as Defendants suggest], it effectively would immunize an out-of-state defendant

8

from being hauled into court in a state to which it had sent fraudulent communications regardless of the degree of its misconduct and whatever the effects of its fraud in that state. This is not the law." *Bryant*, 310 S.W.3d at 235.

Taking Plaintiff's allegations as true, this case presents a ready example of facts supporting specific jurisdiction. Under the minimum contacts analysis, it is essential that "the defendants conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World–Wide Volkswagen Corp.*, 444 U.S. at 297. The Defendants in this case should have reasonably anticipated being hauled into court in Missouri for sending fraudulent documents into the state. *Oriental Trading Co.*, 236 F.3d at 943; *see also Bryant*, 310 S.W.3d at 234 ("Numerous cases from other jurisdictions have held that the sending of fraudulent documents into a state constitutes a purposeful availment of the privilege of conducting activities within the forum state and provides the minimum contacts necessary to support personal jurisdiction in that state when the claim arises out of those contacts, as it does here."). An individual injured in Missouri need not go to Pennsylvania to seek redress from persons who, though remaining in Pennsylvania, knowingly caused the injury in Missouri. Viewing the allegations in the light most favorable to Plaintiff, Defendants' contacts with Missouri amount to the minimum contacts required by due process and allow this Court to exercise personal jurisdiction over them. Defendants' Motions to Dismiss must therefore be denied.

## Conclusion

The Court, having considered the totality of the circumstances on the evidence before it, finds that Plaintiff has met her burden of demonstrating that Defendants purposefully directed their activities at Missouri and that they have sufficient minimum contacts supporting the Court's exercise of personal jurisdiction in this case. *See Whaley*, 946 F.3d at 451.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant OnDoc, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. [34], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Robert Wilson's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. [36], is **DENIED**.

Dated this 13th day of September, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE