UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITZI PASCH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-cv-782-MTS |
| OnDoc, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment as to Defendant Robert Wilson's counterclaims. Doc. [103]. For the reasons discussed herein, the Court grants the Motion.

**I.  BACKGROUND**[1]

Plaintiff/Counter-Defendant Mitzi Pasch ("Plaintiff") originally filed this action against Defendant/Counter-Plaintiff Robert Wilson ("Defendant") and Defendant OnDoc, LLC ("OnDoc"). Doc. [1]. Defendant filed three counterclaims against Plaintiff for Civil Conspiracy (Count I), "Concert of Action" (Count II), and Defamation (Count III).[2] *See* Doc. [67]. Defendant alleges Plaintiff conspired[3] to publish misleading and false information to OnDoc investors by

---

[1] The Court notes Defendant's failure to controvert Plaintiff's Statement of Material Facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this District. Fed. R. Civ. Pro. 56(c)(1); L.R. 4.01(E). Accordingly, as both the Federal and Local Rules provide, the Court deems Plaintiff's facts as admitted. Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); L.R. 4.01(E) (stating "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party"); *see also* Doc. [117] (warning Defendant his failure to respond to Plaintiff's statement of material facts by May 15, 2023, will result "in the Court deeming as admitted Plaintiff's Statement of Material Facts.").

[2] OnDoc filed these counterclaims with Defendant, Doc. [67], but the Court dismissed OnDoc's claims, Doc. [113].

[3] Defendant filed this action against Plaintiff and her son Christopher Pyszka, a Third Party Defendant. Doc. [67]. As of the date of this Memorandum and Order, Defendant has not served Pyszka.

1

online postings. *See generally id.* Plaintiff moves for summary judgment on all three counterclaims. Doc. [103].

## II. LEGAL STANDARD

Because Defendant is proceeding *pro se*, the Court is bound to liberally construe his filings in order to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Native Am. Council of Tribes v. Solem*, 691 F.2d 382, 384 (8th Cir. 1982). However, a litigant's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure or the Local Rules of this District. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from failing to comply with substantive and procedural law.").

"A court must grant a motion for summary judgment if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing Fed. R. Civ. P. 56(a)). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford*, 880 F.3d at 996. If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is "entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views any factual disputes in the light most favorable to the nonmoving party, but only if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Defendant will not withstand summary judgment with "[m]ere allegations, unsupported by specific facts or evidence beyond [his] own conclusions." *Thomas v. Corwin*, 483 F.3d 516, 526 (8th Cir.

2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("[T]he mere existence of a scintilla of evidence in support of the [defendant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [defendant].").

### III. DISCUSSION

1. **Defamation** (Count III)

"Under Missouri law, the elements of defamation are (1) publication (2) of a defamatory statement (3) that identifies the plaintiff, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Turntine v. Peterson*, 959 F.3d 873, 882 (8th Cir. 2020) (citing *Overcast v. Billings Mut. Ins.*, 11 S.W.3d 62, 70 (Mo. banc 2000)). While Plaintiff takes issue with Defendant's allegations pertaining to the defamation claim, Plaintiff moves for summary judgment solely on one element—damages.

Under Missouri law, damages will not be presumed in any defamation case, *Kenney v. Wal-Mart Stores, Inc.*, 100 S.W.3d 809 (Mo. banc 2003), and a party "must prove actual damages in all defamation cases." *State ex rel. BP Prod. N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. banc 2005) (citing *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 313 (Mo. banc 1993)). *See also Topper v. Midwest Div., Inc.*, 306 S.W.3d 117, 130 (Mo. Ct. App. 2010) ("Proof of actual reputational harm is an absolute prerequisite in a defamation action." (quoting *Kenney*, 100 S.W.3d at 817)). "[A]ctual damages may not be based on evidence that is too speculative." *Kenney*, 100 S.W.3d at 815 (quoting *Bauer v. Ribaudo*, 975 S.W.2d 180, 183 (Mo. Ct. App. 1997)); *Weidner v. Anderson*, 174 S.W.3d 672, 684 (Mo. Ct. App. 2005) (requiring concrete proof that a party's reputation has been injured). While the "question of whether a [party]'s damages were caused by the defamatory statement is for the jury to decide," a court can grant summary judgment where the party "failed to meet [their] burden of production." *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1054 (8th Cir.

2012) (applying Missouri defamation law) (quoting *Topper*, 306 S.W.3d at 130)); *Parker v. City of Vandalia*, 2:18-cv-13-JMB, 2021 WL 1057355, at *12 (E.D. Mo. Mar. 18, 2021) (granting summary judgment on defamation claim because nonmoving party failed to present any evidence of reputational damage); *Pujols v. Pujols Fam. Found.*, 4:16-cv-1644 CAS, 2017 WL 4310436, at *8 (E.D. Mo. Sept. 28, 2017) (granting motion to dismiss where Plaintiff failed to plead facts showing actual damages that arose from the alleged defamatory remarks), *aff'd*, 721 F. App'x 567 (8th Cir. 2018).

Here, Defendant failed to provide any evidence of damages. Defendant has not provided Plaintiff with any evidence of damages, despite Plaintiff's attempt to discover. *See, e.g.*, Doc. [105-2] (deposition of Defendant in January 2023); Doc. [105-1] at 3 (Rule 26 disclosures on damages). Nor has Defendant provided the Court with any evidence of damages in an effort to properly oppose summary judgment. *Liberty Lobby*, 477 U.S. at 256 (explaining a "properly supported" opposition to summary judgment "must set forth specific facts showing that there is a genuine issue for trial").

Defendant's only response on this point is that he "has identified a claim amount of $500,000, and this figure is based on careful evaluation of the detrimental impact caused by the actions of the Plaintiff . . . and [he] will provide further supporting details as required." Doc. [119] at 2. "Evidence, not contentions, avoids summary judgment." *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 578 (8th Cir. 2006). Defendant will not withstand summary judgment with "[m]ere allegations, unsupported by specific facts or evidence beyond [his] own conclusions." *Thomas*, 483 F.3d at 526. Defendant has not put forth any evidence upon which this Court can rely to justify denial of Plaintiff's motion for summary judgment. Accordingly, the Court grants Plaintiff's motion for summary judgment for defamation because Defendant, the nonmoving party, failed to

4

make a sufficient showing on an essential element of his case such that Plaintiff is "entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323.

2. **Civil Conspiracy** (Count II)

The law is well established in Missouri that a "claim for civil conspiracy is not a separate and distinct cause of action but acts to hold conspirators jointly and severally liable for some underlying act." *Williston v. Vasterling*, 536 S.W.3d 321, 335 (Mo. Ct. App. 2017) (quoting *Higgins v. Ferrari*, 474 S.W.3d 630, 642 (Mo. Ct. App. 2015)). "If the underlying wrongful act alleged as part of a civil conspiracy fails to state a cause of action, the civil conspiracy claim fails as well." *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo. Ct. App. 2008). The underlying wrongful act on which Defendant relies to allege civil conspiracy is defamation. *See* Doc. [67] ¶¶ 25–27. Because the Court grants summary judgment as to the claim regarding Plaintiff's underlying conduct of alleged unlawful acts (defamation), the Court also grants summary judgment as to Defendant's civil conspiracy claim.[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant's Motion for Summary Judgment as to Defendant/Counter-Plaintiff Wilson's counterclaims, Doc. [103], is **GRANTED**.

Dated this 23rd day of May, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] The Court is unable to locate any Missouri case law identifying "concert of action" as a legal cause of action, as pleaded in Count II. Doc. [67] ¶¶ 30–35. Moreover, based on Defendant's pleadings, it appears the claim is proffered as a restatement of the conspiracy claim. *See id.* ¶¶ 31–33. Because there is no basis in law for Count II and because the Court grants summary judgment on the conspiracy claim, the Court also grants summary judgment on Count II.