UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITZI PASCH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-cv-782-MTS |
| ONDOC, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court based on Defendant Robert Wilson's continuous failure to comply with case deadlines and Court orders, which most recently included Wilson's failure to appear at a proceeding before the Court. This case has been pending for over three years and, for the past year and a half, has been languishing because Wilson refuses to participate in the litigation of this case. As detailed below, Wilson's blatant disregard for case deadlines and express orders of the Court warrants sanctions.

\* \* \* \* \* \* \* \* \*

A court may impose sanctions pursuant to its inherent authority to punish "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). For example, when a defendant exhibits "bad-faith conduct in the course of litigation," a "court may safely rely on its inherent power" if in its "informed discretion . . . the Rules are [not] up to the task." *Schlafly v. Eagle F.*, 970 F.3d 924, 936 (8th Cir. 2020) (quoting *Chambers*, 501 U.S. at 50). Additionally, Federal Rule of Civil Procedure 16(f) provides that a court may, on motion or its own, enter sanctions against a party if it "fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or any other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Those sanctions can

1

include striking pleadings in whole or in part or rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 16(f) & 37(b)(2)(A).

\* \* \* \* \* \* \* \* \*

This case is currently at a stalemate because of Wilson's continuous willful and bad faith conduct over the course of litigation. As detailed below, for too long the Court has excused Wilson's failure to comply with numerous Court orders and case deadlines—whether imposed by the Court, the Federal Rules of Civil Procedure, or the Local Rules of this District—which has resulted in prolonged delays in resolution of this action, interfered with the Court's management of its docket, multiplied these proceedings, and squandered the Court's resources.

1. ***Counsel Delay***

In March 2022, the Court granted defense counsels' request to withdraw from representation of Wilson[1] and allowed Wilson thirty (30) days to obtain alternate counsel. Doc. [85]. After thirty days had passed, and Wilson had not obtained alternate counsel, the Court attempted to contact Wilson. The phone numbers Wilson provided were not in service, and the Clerk of Court had to reach out to Wilson's prior attorneys to get other phone numbers. After finally getting ahold of Wilson, Wilson told the Clerk of Court he was in the process of obtaining attorneys and would file a motion for extension.

In May 2022, Wilson requested a ninety (90) day extension of time to find an attorney, Doc. [86], which the Court granted, Doc. [87]. After hearing nothing from Wilson, despite the ninety-day expiration, the Court issued a Show Cause Order requiring Wilson to show "why [he] failed to notify the Court of alternate counsel or why [he] ha[d] not yet obtained counsel" and

---

[1] Defense counsel also withdrew from representing Defendant OnDoc LLC ("OnDoc"). Thereafter, OnDoc failed to obtain counsel or appear in the action. On April 25, 2023, the Court struck OnDoc's pleadings. Doc. [113]. On August 22, 2023, the Clerk of Court entered default against OnDoc LLC. Doc. [142].

2

explained failure to comply would result in sanctions.  Doc. [89].  In response, Wilson requested another extension to obtain counsel.  Doc. [90].  The Court granted the motion, requiring Wilson to find alternate counsel by October 3, 2022, but noted Wilson had "now had *over six months to find alternate counsel* and [his] continuous failure to find new counsel unduly hinders the continuation of litigation."  Doc. [92].

One day past the deadline, on October 4, 2022, Wilson filed a response saying he would represent himself.  Doc. [93].  Given the eight (8) month delay in the case caused by Wilson's delay in obtaining counsel, the Court directed Plaintiff and Wilson to submit an amended case management order.  Doc. [95].

2. ***Mediation Delays***

On October 19, 2022, the Court entered the Amended Case Management Order, which included a mediation/Alternative Dispute Resolution ("ADR") deadline of April 14, 2023.  Doc. [97].  On February 15, 2023, the Court entered its Order Referring Case to ADR.  Doc. [98].  Among other things, the Court's referral order noted "[n]oncompliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties."  *Id.* at 2.  Ultimately, Mediation was cancelled because the agreed-upon mediator did "not receive Mr. Wilson's initial deposit or his signed agreement to mediate for the court ordered mediation."  Doc. [109-4].

In April 2023, Plaintiff filed a Motion for Sanctions against Wilson for Failure to Participate in Court-Ordered Mediation.  Doc. [106].  The Court held a hearing to discuss the allegations in the Motion.  Doc. [112].  The Court allowed Wilson to file a written opposition to Plaintiff's Motion for Sanctions and counter the allegations.  Wilson failed to file a timely response, so the Court issued a Show Cause Order "why the Court should not grant Plaintiff's

3

Motion for Sanctions." Doc. [114]. Wilson then filed a response. Doc. [115]. The Court ultimately denied the motion because, based on the evidence of communications between Plaintiff and Wilson, the Court was "not convinced the information for mediation was entirely clear to Defendant, such that Defendant 'willfully' failed to cooperate with mediation." Doc. [121]. The Court then referred the case to mediation but admonished Wilson stating that "[g]iven [his] prior conduct, if the Court learns of even the slightest non-compliance by Defendant, the Court will grant sanctions if requested by Plaintiff." *Id.* The Court set mediation to occur by July 14, 2023. *Id.*

In June 2023, Plaintiff filed a second motion for sanctions against Wilson for Failure to Participate in Court-Ordered Mediation, explaining Wilson had not responded to Plaintiff's communications regarding mediation. Doc. [127]; *see also* [130]. Soon thereafter, Plaintiff filed a status update explaining Wilson responded and that, as of June 22, 2023, Wilson "indicated his willingness to mediate the case, which is now scheduled for mediation on July 12, 2023." Doc. [131]. One day before mediation was set to occur, on July 11, 2023, Wilson filed a Motion To Request Mediation Continuance because "the parties have been unable to secure a mutually agreeable date before the current deadline." Doc. [132]. Plaintiff filed an opposition to Wilson's request to continue, explaining that from Plaintiff's "perspective," Wilson's request is just another attempt to delay. Doc. [134].

Given the five-plus months of delay Wilson caused due to mediation, the Court scheduled a conference for August 14, 2023. Doc. [135]. The Order was mailed *and* e-mailed to Wilson on August 4, 2023. Doc. [135]. Wilson did not appear at the conference. Doc. [136]. The Court issued a Show Cause Order requiring Wilson to show "why the Court should not sanction [him], including striking his pleadings." Doc. [137]. Wilson filed a response and stated, "circumstances

4

beyond his control prevented him from attending the conference as ordered by the Court" and that Wilson "did not receive the correspondence regarding the scheduled status conference in a timely manner" because he is "undergoing a recent separation and divorce from his wife" and had "moved into a new apartment."[2]  [140].  The Court does not find Wilson's response provided sufficient cause or has merit, especially when the Order was also e-mailed to Wilson, *see* Doc. [135].

3. ***Summary Judgment on Wilson's Counterclaims Delay***

On April 10, 2023, Plaintiff filed a Motion for Summary Judgment as to Wilson's counterclaims against Plaintiff, Doc. [103], with an accompanying Statement of Material Facts, Doc. [105].  Wilson did not respond to the Motion.  The Court issued a Show Cause Order requiring Wilson to explain "why the Court should not deem as admitted Plaintiff's Statement of Material Facts for purposes of summary judgment."  Doc. [117].  Wilson submitted a response but offered no legally meaningful reason to excuse his failure to respond to Plaintiff's Statement of Material Fact, or why the Court should not deem those facts as admitted.  *See* Doc. [119].  The Court granted Plaintiff's Motion for Summary Judgment on Wilson's counterclaims.  Doc. [123]. The Court noted Wilson's failure to controvert Plaintiff's facts, *id.* n. 1, and Wilson's failure to provide "Plaintiff with any evidence of damages,[3] despite Plaintiff's attempt to discover. *See, e.g.*, Doc. [105-2] (deposition of Defendant in January 2023); Doc. [105-1] at 3 (Rule 26 disclosures on damages)," *id.* at 4.

---

[2] Notably, Wilson failed to notify the Court of a change in address in violation of Local Rule 2.06(B).

[3] Wilson's only response to the lack-of-damages argument is that he "has identified a claim amount of $500,000, and this figure is based on careful evaluation of the detrimental impact caused by the actions of the Plaintiff . . . and [he] will provide further supporting details as required."  Doc. [119] at 2.

5

Wilson also asserted counterclaims against Christopher Pyszka. Doc. [67]. For a year and a half, Wilson did not serve Pyszka.[4] The Court ordered Wilson to serve Pyszka and file proof of service with the Court by June 2, 2023, and explained failure to do so would "result in dismissal of the action against Pyszka." Doc. [122]. On June 14, 2023, the Court dismissed Pyszka because "[t]o date, Wilson ha[d] failed to serve Pyszka, and the Court [wa]s unaware of any effort to serve Pyszka, in violation of both the Court's previous Order and Federal Rule of Civil Procedure 4(m)." Doc. [129].

\* \* \* \* \* \* \* \* \*

What is perfectly clear here is that despite the Court providing him ample opportunities to comply with the Federal Rules of Civil Procedure, the Local Rules, and Court orders, Wilson has intentionally frustrated every attempt to reach a determination in this action. *See* Fed. R. Civ. P. 1. The Court has warned Wilson multiple times that his behavior could warrant sanctions, including the striking of his pleadings. Despite these warnings and in derogation of express orders of the Court, Wilson continues to exhibit willful and bad-faith behavior. The Court is all out of second chances.

As detailed above, Wilson has spent over a year and a half perpetuating a pattern of conduct that is best described as a clear abuse of the judicial process. *Chambers*, 501 U.S. at 44–45. Despite repeated orders from the Court, Wilson has repeatedly delayed resolution of this action with (1) requests for additional time to locate counsel, only to ultimately decide to appear *pro se*; (2) failing to serve a party against whom he filed counterclaims; (3) failing to develop or litigate the counterclaims; (4) failing to respond in opposition to summary judgment on his counterclaims;

---

[4] Notably, Wilson represented to the Court that his failure to serve Pyszka was Plaintiff's fault. Doc. [119] at 1–2 ("It is crucial to note that the Defendants have made concerted efforts to serve Mr. Pyszka. Defendants have been unable to do so due to lack of cooperation from the Plaintiff."). These accusations proved to be untrue. *See* Docs. [120] & [127].

(5) failing to participate in mediation; (6) failing to show up to Court-mandated conferences; (7) failing to comply with case deadlines; and (8) failing to comply with numerous Court orders. The Court can no longer countenance these willful and bad-faith tactics and enters appropriate sanctions against Wilson.

Wilson's actions, or lack thereof, show that Wilson has generally failed to both defend and litigate this case, as well as disrupt the judicial process such that the case cannot move forward. Therefore, the Court concludes that striking Wilson's responsive pleadings are appropriate sanctions. Sanctions less drastic than striking pleadings are unavailable because Wilson has flouted previous Court Orders while promising his compliance. Given Wilson's continuous and repetitive failure to comply with past orders, the Court has no reason to believe he would comply with future orders.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert Wilson's pleadings are **STRICKEN**.

**IT IS FURTHER ORDERED** that, **by August 30, 2023**, Plaintiff shall either (1) file an appropriate motion for default against Defendant Wilson, *see* Federal Rule of Civil Procedure 55(a); (2) move to dismiss the action against Defendant Wilson, *see* Federal Rule of Civil Procedure 41; or (3) file another appropriate motion.

**IT IS FURTHER ORDERED** that, Plaintiff shall, **after the Clerk of Court enters default against Defendant Wilson and no later than by September 20, 2023**, file an appropriate motion for default judgment against Defendant Wilson, supported by all necessary affidavits and documentation, as well as a brief providing authority for entry of default judgment at this stage of the case. *See* Federal Rule of Civil Procedure 55.

7

**IT IS FURTHER ORDERED** that the October 2, 2023, jury trial is **VACATED**.

**IT IS FURTHER ORDERED** that an evidentiary hearing on the issue of damages is set for **October 2, 2023**, in Courtroom 14-South (14-S) at 1:00 p.m. before District Judge Matthew T. Schelp.  Plaintiff should file a list of witnesses and exhibits that she intends to use at the hearing by **September 27, 2023**.

**IT IS FINALLY ORDERED** that the Clerk of the Court is directed to mail a copy of this Order to Defendant Robert Wilson at (1) his mailing address of record, (2) his mailing address in Exhibit 1 of the Response to Show Cause Order, Doc. [140], at 26535 E. University Dr., Unit #8301, Aubrey, TX 76227, and (3) at his email at robert.wilson2500@gmail.com, which is an email Wilson previously provided the Court and that he has used to file documents with the Court.

Dated this 28th day of August 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE